1  Thomas I. Rozsa, State Bar No. 080615
2  Zsofia Nemeth, State Bar No. 298240
   **ROZSA LAW GROUP LC**
3  18757 Burbank Boulevard, Suite 220
   Tarzana, California 91356-3346
4  Telephone (818) 783-0990
5  Facsimile (818) 783-0992
   Email: counsel@rozsalaw.com
6

7  Attorneys for Glo Cone International, LLC

8

9

10              **UNITED STATES DISTRICT COURT**

11    **CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)**

12

13  GLO CONE INTERNATIONAL, LLC,    **CASE NO.: 2:17CV4552**
    a limited liability company of Nevada,
14                                   **COMPLAINT FOR**
                                     **PATENT INFRINGEMENT**
15         Plaintiff,

16      vs.                          **DEMAND FOR JURY TRIAL**

17
    LAROSE INDUSTRIES, LLC; a
18  limited liability company of New
    Jersey; CRA-Z-ART CORP., a division
19  of Larose Industries, LLC;
    WAL-MART STORES, INC., a
20  corporation of Delaware and DOES 1-
    10, Inclusive,
21
22
23         Defendants.

24

25

26

27

28

Rozsa Law Group LC
Attorneys At Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

COMES NOW Plaintiff GLO CONE INTERNATIONAL, LLC, a limited liability company of Nevada (hereafter "Plaintiff" or "Glo Cone"), and for its Complaint against LAROSE INDUSTRIES, LLC, a limited liability company of New Jersey; CRA-Z-ART CORP., a division of Larose Industries, LLC (hereafter Larose Industries, LLC and Cra-z-Art Corp. are jointly referred to as "Cra-Z-Art"); WAL-MART STORES, INC., a corporation of Delaware (hereafter "Wal-Mart") (hereafter Cra-Z-Art and Wal-Mart are jointly referred to as "Defendants") and DOES 1-10, complains and alleges as follows:

## THE PARTIES

1.      Plaintiff GLO CONE INTERNATIONAL, LLC is a limited liability company duly formed and existing under the laws of the State of Nevada and has its principal place of business located at 2025 S. Tremont St, Oceanside, California 92054. Glo Cone is the owner by assignment of all title, right and interest in and to the United States Patent 7,476,000 (hereafter "the Glo Cone Patent"), with the right to enforce the Glo Cone Patent.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant LAROSE INDUSTRIES, LLC is a limited liability company formed and existing under the laws of the State of New Jersey and has its principal place of business located at 1578 Sussex Turnpike, Randolph, New Jersey 07869.

3.      Plaintiff is also informed and believes and based thereon alleges that Defendant CRA-Z-ART CORP. is a division of LAROSE INDUSTRIES, LLC and has its principal place of business located at 1578 Sussex Turnpike, Randolph, New Jersey 07869.

4.      Plaintiff is informed and believes and based thereon alleges that Defendant WAL-MART STORES, INC. is a corporation formed and existing under the laws of the State of Delaware and has its principal place of business

-2-

located at 702 SW 8th St., Bentonville, Arkansas, 72716. Plaintiff is informed and believes and based thereon alleges that Wal-Mart also has an agent for service of process in the State of California, C T Corporation System located at 818 W 7th Street, Suite 930, Los Angeles, California 90017. Plaintiff is informed and believes and based thereon alleges that Wal-Mart operates approximately 300 brick and mortar retail stores in the State of California, and dozens of these retail stores are located in the Central District of California.

5.    Plaintiff is informed and believes and based thereon alleges that the Defendants are doing continuous and substantial business within this judicial district in the State of California. In particular, Plaintiff is informed and believes and based thereon alleges that Cra-Z-Art has been and is advertising, offering for sale, selling and/or placing products in the stream of commerce in the United States knowing that they will be sold to consumers in this judicial district. As set forth below, Defendants have been and are advertising, offering for sale and/or selling to customers in the State of California and in this judicial district the infringing Light Up Cotton Candy Wand (hereafter "Knockoff Cone") as part of Cra-Z-Art's "The Real Cotton Candy Maker", item no. r18065. Specifically, Wal-Mart's retail stores located in the State of California and in this judicial district carry the products that contain the infringing items. In addition, Defendants, and each of them, through their online stores offer for sale and directly sell to customers located in the State of California and in this judicial district the products that contain the infringing Knockoff Cones.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. At such time as the true names and capacities of these DOE defendants are ascertained, Plaintiff will seek leave of the Court to amend its Complaint to allege their true names and capacities. Plaintiff is informed and

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

believes, and upon such information and belief alleges, that at all times mentioned herein, each of the DOE defendants was responsible, along with the named Defendants. Plaintiff is further informed and believes and based thereon alleges that the Defendants and the DOE defendants, and each and every one of them, knowingly and willfully conspired and agreed among themselves or induced each other to commit the wrongful acts as set forth herein. These wrongful acts were done pursuant to and in furtherance of this conspiracy, agreement and/or inducement. Plaintiff is further informed and believes and based thereon alleges that certain individuals named at this time as DOE defendants and each of them, are responsible in some manner, by their acts and/or omissions, for the matters alleged herein. The wrongful acts alleged herein were done through their acts and/or omissions.

7. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendants, and each of them, were and are the agents, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent ownership, or subsidiary ownership, or otherwise participated in the improper conduct alleged herein. Each of the Defendants is in some form or manner responsible for the conduct herein complained of, and Plaintiff's harm and damages are proximately caused by the conduct of each.

## **JURISDICTION AND VENUE**

8. This is an action for patent infringement, which arises under the patent laws of the United States, Title 35 U.S.C. §§ 101 et seq., particularly in violation of § 271 and under §§ 282-285. This Court has original jurisdiction over the subject matter of this cause of action pursuant to Article 1, Section 8 of the United States Constitution, and pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

9.      This Court has personal jurisdiction over the Defendants who have been and are transacting substantial and continuous business within this judicial district and committed acts of infringement within this judicial district. Plaintiff is informed and believes and based thereon alleges that Defendants are subject to this Court's personal jurisdiction in that they have regular, established places of business in this judicial district and in that the acts and transactions complained of herein include the sale of infringing goods, the Knockoff Cones, in the State of California and in this judicial district. In addition, Defendants' offer for sale and sell goods nationwide over the Internet, including sales targeted to the State of California and this judicial district, and therefore Defendants have purposefully availed themselves of the benefits of being present in the State of California and this judicial district.

10.     Plaintiff is informed and believes and based thereon alleges that each and every one of the Defendants is subject to the personal jurisdiction of this Court because the Defendants have committed and/or actively induced the infringing and improper acts complained of herein, and continue to do so, in this judicial district.

11.     Plaintiff is informed and believes, and based thereon alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391and 1400, in that, inter alia, the matters in controversy arise out of the activities undertaken in this judicial district and the Defendants, and each of them, are subject to the personal jurisdiction of this Court.

//

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## THE INTELLECTUAL PROPERTY RIGHTS OF PLAINTIFF

12.    On January 13, 2009, the Glo Cone Patent issued for "HANDHELD ILLUMINATED APPARATUS FOR RETAINING A FOOD ITEM IN AN EDIBLE CONDITION WITH THE ILLUMINATION DIRECTLY PASSING THROUGH THE FOOD ITEM", a true and correct copy of which is attached hereto as **EXHIBIT 1** and incorporated herein by reference.

13.    Plaintiff has acquired and duly owns all right, title and interest in the Glo Cone Patent by virtue of proper assignment, including the right to sue and recover for infringement thereof.

14.    The Glo Cone Patent is in full force and effect.

15.    Plaintiff has been importing, advertising, promoting, distributing, producing, offering for sale and selling products which practice the art disclosed in the Glo Cone Patent, under the brand name "Glo Cone", since at least as early as February 2008.

16.    Plaintiff has properly marked its products with the Patent Number 7,476,000 since the Glo Cone Patent issued. Plaintiff had been properly marking its products with the designation "Patent Pending" while the application that matured into the Glo Cone Patent was pending.

## INFRINGING AND UNLAWFUL ACTS OF THE DEFENDANTS

17.    Plaintiff is informed and believes and based thereon alleges that Cra-Z-Art has been and is importing, marketing, distributing, offering for sale and selling the infringing Light Up Cotton Candy Wand – referenced as the Knockoff Cones – as part of Cra-Z-Art's "The Real Cotton Candy Maker" product. Cra-Z-Art has been and is offering for sale and selling the Knockoff Cones through its online store located at http://cra-z-artshop.com. Attached hereto as **EXHIBIT 2** and incorporated herein by reference are true and correct printouts showing the

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Knockoff Cones offered for sale and sold as part of Cra-Z-Art's "The Real Cotton Candy Maker" product through Cra-Z-Art's online store.

18.     Plaintiff is informed and believes that defendant Wal-Mart is also offering for sale and selling Cra-Z-Art's "The Real Cotton Candy Maker" products that contain the Knockoff Cones. Wal-Mart offers for sale and sells the infringing products through its brick and mortar retail stores, including the retail stores that are located in the State of California. In addition to offering for sale and selling the infringing products in Wal-Mart's brick and mortar retail stores, Wal-Mart also offers for sale and sells the infringing products through its online store located at https://www.walmart.com. A true and correct copy of a printout from Wal-Mart's online store advertising the infringing products is attached hereto as **EXHIBIT 3**.

19.     Attached hereto as **EXHIBIT 4** and incorporated herein by reference are photographs showing Cra-Z-Art's "The Real Cotton Candy Maker" product sold by Wal-Mart, including true and correct photographs of the Knockoff Cones. The Knockoff Cones are prominently featured on the product's packaging.

## **FIRST CAUSE OF ACTION**

(Patent Infringement, 35 U.S.C. § 271)

20.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 19, above.

21.     On January 13, the Glo Cone Patent issued for "HANDHELD ILLUMINATED APPARATUS FOR RETAINING A FOOD ITEM IN AN EDIBLE CONDITION WITH THE ILLUMINATION DIRECTLY PASSING THROUGH THE FOOD ITEM".

22.     Plaintiff has acquired and duly owns all right, title and interest in the Glo Cone Patent by virtue of proper assignment, including the right to sue and recover for infringement thereof.

23.     The Glo Cone Patent is in full force and effect.

24.     Plaintiff has been advertising, promoting, distributing, producing, importing, offering for sale and selling products which practice the art disclosed in the Glo Cone Patent.

25.     Plaintiff has properly marked its products with the Patent Number 7,476,000 after the date the Glo Cone Patent issued. Plaintiff had been properly marking its products with the designation "Patent Pending" while its application that matured into the Glo Cone Patent was pending.

26.     Plaintiff is informed and believes, and based thereon alleges that Defendants, and each and every one of them, have notice of Plaintiff's rights in the Glo Cone Patent.

27.     Defendants, and each and every one of them, have infringed the Glo Cone Patent by manufacturing, using, importing, distributing, advertising, offering to sell and/or selling, without license or authority, Knockoff Cones embodying the invention claimed in the Glo Cone Patent in the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the Glo Cone Patent.

28.     Plaintiff is informed and believes, and based thereon alleges that the individuals who are the controlling parties of Cra-Z-Art and/or Wal-Mart, and each of them, have personally decided, directed, contributed to and induced the infringing activities of the Defendants infringing the Glo Cone Patent with knowledge of the Glo Cone Patent by manufacturing, producing, importing, promoting, distributing, using, offering for sale and selling the Knockoff Cones and/or causing or inducing those to be manufactured, produced, imported, promoted, distributed, used, offered for sale and/or sold.

29.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has suffered, and is entitled to, monetary damages in an amount to be determined at trial, including, without limitation, all profits lost by Plaintiff as a

-8-

result of Defendants' unlawful activities, all of Defendants' profits from their sale of the Knockoff Cones including any and all profits from convoyed sales, including, without limitation, any and all profits from the sales of Cra-Z-Art's "The Real Cotton Candy Maker", but at a minimum, Plaintiff is entitled to a reasonable royalty for all sales of the Knockoff Cones and the cotton candy maker product that the Knockoff Cones were sold in conjunction with. Plaintiff is also entitled to its costs of suit and pre- and postjudgment interest.

30.     Plaintiff is informed and believes, and based thereon alleges that Defendants' acts were in conscious and willful disregard for Plaintiff's rights, and Defendants have been and presently are engaged in willful and deliberate infringement of the Glo Cone Patent.

31.     Defendants' willful infringement of the Glo Cone Patent and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

32.     Defendants' continuing infringement has inflicted, and unless enjoined by this Court, will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

33.     Plaintiff is informed and believes, and based thereon alleges that this case is exceptional under 35 U.S.C. § 285 and Plaintiff is entitled to a recovery of their reasonable attorneys' fees and costs.

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1.      That this Court adjudge that the Glo Cone Patent is valid and enforceable and in full force and effect;

2.      That this Court adjudge that Defendants, and each of them, have literally infringed the Glo Cone Patent, and for that infringement this Court award Plaintiff all of Plaintiff's lost profits as a result of such infringement, and all of Defendants' profits as a result of Defendants' sales of the Knockoff Cones including, without limitation, any and all profits from convoyed sales, and not less than a reasonable royalty on the sale of all of the Knockoff Cones and the cotton candy machines that they were sold in conjunction with the Knockoff Cones, resulting from such infringement;

3.      That this Court adjudge that Defendants, and each of them, have infringed the Glo Cone Patent under the Doctrine of Equivalents, and for that infringement this Court award Plaintiff all of Plaintiff's lost profits as a result of such infringement, and all of Defendants' profits as a result of Defendants' sales of the Knockoff Cones including, without limitation, any and all profits from convoyed sales, and not less than a reasonable royalty on the sale of all of the Knockoff Cones and the cotton candy machines that they were sold in conjunction with the Knockoff Cones, resulting from such infringement;

4.      That this Court adjudge that Defendants, and each of them, by virtue of the manufacture, production, importation, use and sale of the Knockoff Cones have contributed to the infringement of or induced the infringement of the Glo Cone Patent, and for that infringement this Court award Plaintiff all of Plaintiff's

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

lost profits as a result of such infringement, and all of Defendants' profits as a result of Defendants' sales of the Knockoff Cones including, without limitation, any and all profits from convoyed sales, and not less than a reasonable royalty on the sale of all of the Knockoff Cones and the cotton candy machines that they were sold in conjunction with the Knockoff Cones, resulting from such infringement;

5.     That this Court issue a preliminary and then a permanent injunction enjoining Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, parents, subsidiaries and divisions, and all persons and/or entitites acting for, with, by, through, or in concert or participation with them from:

(a) infringing the Glo Cone Patent, either directly or indirectly;

(b) inducing others to infringe the Glo Cone Patent;

(c) manufacturing, producing, importing, advertising, promoting, marketing, distributing, offering for sale and/or selling the Knockoff Cones individually, or in conjunction with another product;

6.     That this Court order that Defendants deliver up to the Court any and all Knockoff Cones in their possession, custody and/or control that infringe the Glo Cone Patent and to serve a copy of such list on Plaintiff's attorneys;

7.     That this Court order that Defendants deliver up to the Court any and all documents reflecting or relating to the manufacture, importation, production, purchase, distribution and/or sale of any Knockoff Cones that infringe the Glo Cone Patent and to serve a copy of such list on Plaintiff's attorneys;

8.     That this Court order that Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff's attorneys a written report, under oath, setting

forth in detail the manner in which Defendants have complied with paragraphs 1-7, above;

9.     That this Court order that Defendants account for and pay over to Plaintiff their profits and cumulative damages sustained by Plaintiff by reason of Defendants' unlawful acts of patent infringement, herein alleged;

11.     That this Court order disgorgement and/or restitution of Defendants' profits to Plaintiff;

12.     That this Court award Plaintiff its reasonable costs of suit and attorneys' fees;

13.     That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 35 U.S.C. § 285;

14.     That this Court award to Plaintiff enhanced damages up to three times their amount as provided by law, against Defendants to punish Defendants for their malicious and oppressive actions of willful and deliberate violation of Plaintiff's patent rights;

15.     That this Court award Plaintiff pre- and postjudgment interest on its damages; and

16.     That this Court award Plaintiff such other and further relief as the Court may deem just and proper.


Dated:  June 20, 2017                    ROZSA LAW GROUP L.C.


                              By:     /s/ Thomas I. Rozsa
                                      Thomas I. Rozsa
                                      Zsofia Nemeth
                                      Attorneys for Glo Cone International, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff Glo Cone International, LLC hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and California Constitutions, statutes and laws.

Respectfully submitted:

Dated:  June 20, 2017                 ROZSA LAW GROUP L.C.

By:     /s/ Thomas I. Rozsa
        Thomas I. Rozsa
        Zsofia Nemeth
        ROZSA LAW GROUP L.C.
        18757 Burbank Boulevard, Suite 220
        Tarzana, California 91356
        Tel. (818) 783-0990
        Fax (818) 783-0992
        E-mail: counsel@rozsalaw.com

        Attorneys for Glo Cone International, LLC

Rozsa Law Group LC
Attorneys At Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990